The Honorable Ron Todd Commissioner of Insurance Kansas Department of Insurance 420 S.W. 9th Topeka, Kansas 66612-1678
Dear Commissioner Todd:
As chairman of the committee on surety bonds and insurance (committee) you inquire whether the procedures for purchases prescribed by K.S.A.75-37,102 can properly be utilized by the committee to purchase the insurance coverage prescribed by K.S.A. 74-4717 et seq. (L. 1992, ch. 276, secs. 1-5).
Mandating the purchase is K.S.A. 74-4718 which states:
 "Subject to appropriations therefor, the committee shall purchase in accordance with K.S.A. 75-3738 to 75-3748, inclusive, and amendments thereto, an insurance policy insuring against extended coverage or other risks of direct physical loss to property, and provision for loss of income when required. Such insurance policy shall cover all buildings owned by the state except those specified under section 4. Such policy shall provide for not less than $500,000 deductible per occurrence subject to an annual aggregate of not less than $500,000. Buildings covered by such policy shall be insured for at least 90% of the replacement cost thereof."
With the assistance of the secretary of administration, who establishes the insurable values of all the state property (K.S.A. 74-4719), the committee is charged with purchasing statewide property insurance in accordance with K.S.A. 75-3738 to 75-3748 which include the competitive sealed bidding statute, K.S.A. 75-3739.
You indicate that the only bid received for the statewide property insurance (contract 29263) was rejected by the committee for two reasons: a) it did not meet specifications with regard to the loss limit and blanket coverage; and b) sufficient funds were not available to pay the premium. Since the chance of securing additional funding is slight this fiscal year, the committee would like to pursue the matter using the competitive proposal statute, K.S.A. 75-37,102.
The question of whether a public work contract is to be entered into through private negotiation or only after competitive bidding is a matter of statutory provision and construction. 64 Am.Jur.2d Public Works andContracts, 334 (1972). At issue is whether the legislative provision directing that the committee purchase the insurance in accordance with K.S.A. 75-3738 to 75-3748 can be construed in a manner that will fully and fairly effectuate the legislature's intent and best advance the public interest. The existing circumstances or facts indicate a legislative intent to have state property insured within the bounds of appropriations, K.S.A. 74-4718, and under certain and limited terms such as a $500,000 deductible per occurrence and subject to an annual aggregate of not less than 500,000, with buildings insured for at least 90% of the replacement cost. This legislative intent cannot be achieved by using the competitive sealed bids statute, K.S.A. 75-3739, given that the only bid submitted did not meet the specifications, was not within legislative appropriations and was rejected pursuant to K.S.A. 1992 Supp. 75-3740(c). In lieu of thwarting this critical legislative objective of insuring state property against potentially devastating costs to the state, an alternative method is sought. Our question is whether the legislative intent (to procure state property insurance within appropriations provided) can be achieved by using K.S.A. 75-37,102, and more critically whether this purpose can be achieved without thwarting the reasons the legislature provided the procurement be done in accordance with the competitive sealed bidding statute, K.S.A. 75-3739.
Statutes requiring competitive bidding do so in order to "protect the public from collusive contracts; to prevent favoritism, fraud, extravagance, and improvidence in the procurement . . ." and to promote honest and effective competition in order to secure contracts at the lowest costs to taxpayers. These requirements necessarily invoke the need for equal opportunities to all who bid for an opportunity to benefit from a public contract. 64 Am.Jur.2d Public Works and Contracts, sec. 37 (1972); Williams v. City of Topeka, 85 Kan. 857, 861 (1911). Under the existing circumstances both methods of procurement further this public policy.
K.S.A. 75-3739 and K.S.A. 75-37,102 provide two methods of source selection for public contract procurement but differ in the following ways:
 "1. Under competitive sealed bidding, judgemental factors may be used only to determine if the supply or service bid meets the purchase description. Under competitive sealed proposals judgemental factors may be used not only to determine if the items being offered meet the purchase description, but also to evaluate competing proposals. The effect of this different use of judgemental evaluation is that under competitive sealed bidding, once judgemental evaluation is completed, award is made on a purely objective basis to the lowest responsive bidder. Under competitive sealed proposals, the quality of competing products or services may be compared and trade-offs made between price and quality of the products or services offered. Award under competitive sealed proposals is made to the responsible offeror whose proposal is most advantageous to the government.
 "2. Competitive sealed bidding and competitive sealed proposals also differ in that, under competitive sealed bidding, no change in bids is allowed once they have been opened, except for correction of errors in limited circumstances. The competitive sealed proposal method permits discussions to allow clarification to assure responsiveness to the solicitation and ultimately to negotiate an agreement, price and other factors considered." "Intermediate Public Purchasing and Materials Management," National Institute of Governmental Purchasing Inc., Fall Church, Virginia (1983) p. 1935.
We believe the use of K.S.A. 75-37,102 effectuates legislative intent in the circumstances before us and furthers public policy of equal opportunity and fair appraisal of all bids by allowing deviation from the specifications and consideration of alternative methods for procuring the statewide property insurance at the lowest cost to the taxpayers and within the amounts appropriated by the legislature. Our conclusion is consistent with Attorney General Opinion No. 88-126 where we conclude that based on public policy considerations supporting competitiveness in state procurement, this statute requires the application of competitive analysis and without specific statutory authorization can only be used when the procurement is not conducive to the use of competitive sealed bidding. See also 15 A.L.R.3d 733, 748 (1967) (for consistent case law). Accordingly it is our opinion that K.S.A. 75-37,102 may appropriately be utilized by the committee to purchase the insurance coverage prescribed by K.S.A. 74-4718.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm